UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

CHAD J. GARDEMAL                   CIVIL ACTION NO. 6:13-CV-02643

VERSUS                               JUDGE HAIK

CHAMPION TECHNOLOGIES, INC.     MAGISTRATE JUDGE HANNA
ET AL.

## MEMORANDUM RULING

Currently pending before the Court is the plaintiff's motion for leave to supplement and amend his original complaint. (Rec. Doc. 17). The motion is opposed. Oral argument was heard on February 25, 2014. For the reasons explained below, the motion is denied.

### BACKGROUND

According to his original complaint (Rec. Doc. 1-1 at 3-6), the plaintiff was "working at Ted Gardemal Welding Service" on September 16, 2011 and was injured when he was standing on a small step ladder welding the legs of a tank that was suspended from a cable, and the tank suddenly exploded. He sued Champion Technologies, Inc. (incorrectly named in the petition as Champion Technology Offshore Company) and Hoover Groups, Inc. (incorrectly named in the petition as Hoover Materials Handling Group). He alleges that Champion shipped the tank to

the welding service so that the work could be performed, and he alleges that Hoover was responsible for cleaning the tank prior to shipment.

Hoover filed a cross-claim against Champion seeking contractual defense and indemnity. (Rec. Doc. 15). Hoover also asserted third-party demands against Ace American Insurance Company and Nalco Company, alleging that Ace insures Champion and Hoover and alleging that Nalco is the successor to Champion's liabilities and obligations. (Rec. Doc. 15). Therefore, Ace and Nalco are already parties to this litigation.

The plaintiff now seeks to add Ace, Nalco, and Ted Gardemal Welding Service as direct defendants in the lawsuit. Champion opposes the motion, but only to the extent that the plaintiff proposes asserting a claim against Ted Gardemal Welding Service. There is no opposition to the plaintiff's motion for leave to assert claims against Ace and Nalco.

## ANALYSIS

Champion articulates several reasons why the plaintiff should not be permitted to add a claim against Ted Gardemal Welding Service. The undersigned finds one of them to be particularly persuasive and pretermits discussion of the others.

Fed. R. Civ. P. 15(a)(2) states that, when more than twenty-one days have elapsed after service of the original complaint, "a party may amend its pleading only

with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The court has discretion to grant or deny leave to amend.[1] In particular, a court may deny leave to amend when the proposed amendment is futile.[2] An amendment is futile if "the amended complaint would fail to state a claim upon which relief could be granted."[3] In evaluating the futility of an amendment, the court applies the same standard of legal sufficiency that applies under Fed. R. Civ. P. 12(b)(6).[4]

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim for relief that is plausible on its face.[5] A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged."[6] "Factual allegations must be enough to raise a right to relief above the speculative level, on the

---

[1] *Moore v. Manns*, 732 F.3d 454, 456 (5th Cir. 2013); *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981).

[2] *Stripling v. Jordan Production Co., L.L.C.*, 234 F.3d 863, 872-73 (5th Cir. 2000); *Marti's Herend Imports, Inc. v. Diamond & Gem Trading United States of America Co*, 195 F.3d 765, 771 (5th Cir. 1999).

[3] *Stripling v. Jordan Production Co., L.L.C.*, 234 F.3d at 873.

[4] *Stripling v. Jordan Production Co., L.L.C.*, 234 F.3d at 873.

[5] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

assumption that all the allegations in the complaint are true (even if doubtful in fact)."[7] The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party."[8] "This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements."[9]

In the original petition, the plaintiff alleges that he was working for Ted Gardemal Welding Service when the injury occurred. (Rec. Doc. 1-1 at 3). After the accident, the plaintiff sought to recover workers' compensation benefits, alleging that he was the employee of Ted Gardemal Welding Service. (Rec. Docs. 25-1, 25-2). In the proposed amending complaint, the plaintiff avers that "Gardemal Welding was also the employer of plaintiff Chad Gardemal." (Rec. Doc. 17-2 at 1).

Under the exclusivity provision of the Louisiana's workers' compensation law, an employee cannot sue his employer in tort and is, instead, limited to recovering workers' compensation benefits if he is injured while working unless the injury resulted from an intentional act. La. R.S. 23:1032(B). In this case, there is no

---

[7] *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 545.

[8] *In re Southern Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008).

[9] *In re Southern Scrap Material Co., LLC*, 541 F.3d at 584, 587 (internal quotation omitted).

allegation that the plaintiff was injured due to an intentional act by his employer or a coworker and, consequently, no basis for invoking the exception to the exclusivity rule. Therefore, accepting the plaintiff's allegations as true, the plaintiff cannot state a plausible claim against Ted Gardemal Welding Service. Therefore, it would be futile to permit the plaintiff to amend his complaint in order to add Ted Gardemal Welding Service as a defendant in the action. Accordingly, to the extent that the plaintiff seeks leave to amend his complaint in order to add a claim against Ted Gardemal Welding Service, the motion will be denied.

At the hearing on February 25, 2014, the plaintiff's counsel explained that discovery revealed that the plaintiff was not the employee of Ted Gardemal Welding Service but was, instead, an independent contractor. The current motion for leave to amend must, however, be decided on the facts alleged in the proposed amending complaint submitted along with the motion for leave. However, the plaintiff is free to file another motion for leave to amend, alleging that the plaintiff was an independent contractor. The plaintiff is cautioned, however, that an amendment that destroys diversity might result in remand of the lawsuit to state court.

Although there is no opposition to the plaintiff's motion to the extent that it seeks to add Ace and Nalco as direct defendants, the motion will also be denied with regard to those proposed defendants. This action was originally filed in Louisiana

state court and was removed to this court by the defendants on the basis that the amount in controversy exceeds the jurisdictional threshold and the parties are diverse in citizenship. The party invoking subject matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[10] Since the plaintiff seeks to add Nalco and Ace as defendants, the plaintiff must bear that burden. But the information set forth in the proposed amended complaint does not establish that Nalco and Ace are diverse in citizenship from the plaintiff. It appears that both Nalco and Ace are corporations, and a corporation's citizenship is determined by its state of incorporation and the state of its principal place of business.[11] Neither the state of incorporation nor the principal place of business of Nalco or Ace is stated in the proposed amending complaint. Accordingly, the undersigned finds that the plaintiff has not satisfied his burden of establishing that the addition of the proposed defendants would not destroy diversity.

This Court has discretion to permit or deny the joinder of Ace and Nalco. "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and

---

[10] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998).

[11] 28 U.S.C. § 1332(c)(1).

remand the action to the State court."[12] Since the undersigned cannot determine whether the addition of Ace and Nalco as defendants in this lawsuit would destroy diversity, the plaintiff's motion to add them will be denied but without prejudice to the plaintiff's right to add them in the future if they are in fact diverse in citizenship from the plaintiff.

## CONCLUSION

For the foregoing reasons,

IT IS ORDERED that the plaintiff's motion for leave to supplement and amend his original complaint (Rec. Doc. 17) is DENIED but without prejudice to the plaintiff's right to file a subsequent motion for leave to file an amended complaint if appropriate.

IT IS FURTHER ORDERED that, should the plaintiff decide to file a subsequent motion for leave to supplement and amend his original complaint, the proposed complaint shall allege with particularity the citizenship of all parties (including but not limited to the state of incorporation and principal place of business of all corporations) and the memorandum in support of the motion for leave shall address the factors set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th

---

[12] 28 U.S.C. § 1447(e).

Cir. 1987).

      Signed at Lafayette, Louisiana on February 25th, 2014.

                                                                                                   PATRICK J. HANNA
                                                                             UNITED STATES MAGISTRATE JUDGE